**Larry JONES, Petitioner-Appellant,**

v.

**STATE OF GEORGIA et al.,
Respondents-Appellees.**

**No. 72-3659
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 27, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. The additional assignments of error are the following:
   1. Appellant's conviction for voluntary manslaughter on an indictment charging murder was a violation of due process.
   2. Appellant was denied effective assistance of counsel at trial.
   3. Appellant was arrested in violation of the Fourth Amendment.

James C. Bonner, Decatur, Ga., (Court-appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Courtney Wilder Stanton, David L. G. King, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondents-appellees.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

Court-appointed counsel for appellant, a Georgia state prisoner habeas applicant, has asserted one principal error on this appeal. In addition, deeming it to be his duty in a habeas case, he has conscientiously catalogued other possible errors for the consideration of the court.

The principal assignment of error, that the state trial court erred in the charge to the jury on voluntary manslaughter (called a due process violation), is, in the context of the total charge, without merit. The additional assignments of error are also without merit.[1]

Affirmed.

4. Appellant's conviction was obtained by the use of an involuntary confession.
5. Appellant was denied assistance of counsel at the commitment hearing.
6. Appellant was denied the right to present witnesses in his behalf because his trial counsel did not call certain witnesses who attended trial under subpoena.
7. Appellant's conviction was obtained by the use of improperly suggestive identification procedures.